(No. 15849.—Cause transferred.)
John J. Cahill, Appellant, *vs.* The Plumbers, Gas and Steam Fitters' and Helpers' Local 93 *et al.* Appellees.

*Opinion filed December 16, 1924—Rehearing denied Feb. 5, 1925.*

Appeals and errors—*when constitutional question is not raised in tort action.* No constitutional question is raised in an action in tort which is decided on demurrer to the declaration, where there is nothing in either the declaration or the demurrer which discloses a constitutional question.

DeYoung, J., took no part.

Appeal from the Circuit Court of Lake county; the Hon. Claire C. Edwards, Judge, presiding.

Sims, Welch, Godman & DeYoung, Elam L..Clarke, and S. E. Quindry, for appellant.

Hope Thompson, for appellees.

Mr. Justice Heard delivered the opinion of the court:

Appellant brought an action in tort in the circuit court of Lake county against the Plumbers, Gas and Steam Fitters' and Helpers' Local 93, the United Association of

Plumbers, Gas and Steam Fitters' and Helpers' Local 769, both local labor unions, and a number of individuals as officers, business agents and members of the local unions.

Appellant's declaration, among other things, alleged that he was engaged in the business of plumbing and heating contracting, with his principal place of business in Evanston, Illinois, and that he was engaged in the performance of a contract with Edward R. Jones for the installation of the plumbing fixtures and heating system in the residence which was then being erected by Jones in Highland Park, Illinois; that defendant Daniel Short, acting on behalf of himself and as the duly authorized agent of the United Association of Plumbers, Gas and Steam Fitters' and Helpers' Local 769 and other defendants, and the defendant John P. O'Brien, acting for and on behalf of himself and as the duly authorized agent of the Plumbers, Gas and Steam Fitters' and Helpers' Local 93 and other defendants, conspired to induce and coerce Jones, by threats, intimidations and the calling or procuring of strikes, to breach the building agreement between him and appellant unless appellant would withdraw from his affiliation with a certain citizen's committee and would agree to thereafter employ in the city of Chicago, in the county of Cook, union or closed-shop men, only; that O'Brien and Short, in furtherance of the conspiracy and while acting within the scope of their authority as such agents, willfully and maliciously, by threats, intimidation and procuring a strike of union men employed on said building, induced, coerced and compelled Jones to breach the building contract and to refuse to permit appellant to complete the same, to the damage of appellant. The declaration is based upon the theory that the business agents who were representing the local unions were duly authorized to do what they did, and not only conspired, but carried out their conspiracy, against appellant while acting within the scope of their authority, and thereby bound the principals for whom they were authorized agents. The two

local unions filed demurrers to the declaration, in which demurrers two points were raised: First, that the local unions, being voluntary, unincorporated associations, are not legal entities, and cannot be made parties defendant in their association names in a suit at common law; and second, that the declaration does not set out facts constituting a cause of action against the local unions. The court sustained the demurrers of the two local unions, and appellant then took a non-suit as to the individual defendants, and having stood by his declaration, the suit was dismissed and judgment for costs was rendered against him. An appeal to this court was prayed and granted on the ground that a constitutional question is involved.

In his brief and argument appellant says: "The constitution of 1870 guarantees to the individual certain rights. These guaranties afford protection against legislative, executive or judicial encroachments. Any law passed by the legislature which deprives a person of due process of law or denies justice to an individual is void, and any act of a judicial officer which infringes these constitutional guaranties is likewise unconstitutional and should not be allowed to stand. A vested cause of action for damages is property, which cannot be taken or destroyed without due process of law." No question of that character, however, is raised or involved in the pleadings in this case. This case is a simple action in tort. The ultimate facts set up in the declaration do not disclose that any constitutional question is involved in the suit and no constitutional question is raised by the demurrers.

The record failing to show that a constitutional question is involved upon the appeal, the cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*

Mr. JUSTICE DEYOUNG took no part in this decision.